**Quarles & Brady** LLP
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
TELEPHONE 602.229.5200

John Maston O'Neal
john.oneal@quarles.com
Scott S. Simonson
scott.simonson@quarles.com
*Attorneys for Plaintiff/Counterdefendant HSBC Bank USA, N.A.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah J. Wynn,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Callan Appraisal, Inc. and John Callan,<br><br>　　　　Defendants. | NO. CV-09-1587-PHX-JAT (lead)<br><br>NO. CV-10-1897-PHX-JAT (cons)<br><br><br>**HSBC BANK USA, N.A.'S MOTION FOR ORDER TO SHOW CAUSE** |
| HSBC Bank USA, N.A., as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-AR3 Mortgage Pass-Through Certificates,<br><br>　　　　Plaintiff/Counterdefendant,<br><br>　　vs.<br><br>Deborah J. Wynn,<br><br>　　　　Defendant/Counterclaimant. | |

Pursuant to Arizona Revised Statutes ("A.R.S.") § 33-420(B), Plaintiff/ Counterdefendant HSBC Bank USA, N.A. ("HSBC") requests that this Court order Defendant Deborah J. Wynn ("Defendant") to appear and show cause as to why

QB\136701.00022\10675204.1

Defendant's Lis Pendens recorded against Property in which HSBC has a beneficial interest should not be declared null and void.[1]

This application is supported by the following Memorandum of Points and Authorities and by Plaintiff's Complaint for Special Action ("Complaint"), filed as Document No. 1 of No. CV-10-1897-PHX-JAT and incorporated by reference.

RESPECTFULLY SUBMITTED this 10th day of January, 2011.

> QUARLES & BRADY LLP
> One Renaissance Square
> Two North Central Avenue
> Phoenix, Arizona  85004-2391
>
> By   *s/* Scott S. Simonson
>     John Maston O'Neal
>     Scott S. Simonson
>
> *Attorneys for Plaintiff HSBC Bank USA, N.A.*

---

[1] HSBC originally filed this motion on September 3, 2010, as Document No. 4 in CV-10-1897-PHX-JAT, which was later consolidated with the above-captioned lead case. In the Order dated October 28, 2010, the Court consolidated the above-captioned cases and denied the motion without prejudice so that it could be re-filed as part of the consolidated case.

QB\136701.00022\10675204.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

To obstruct creditors from foreclosing, Defendant Deborah Wynn filed a lawsuit in the United States District Court for the District of Arizona, and then recorded a lis pendens upon a parcel of real property in Phoenix, Arizona (the "Lis Pendens"). This property is encumbered by a Deed of Trust for the benefit of Plaintiff HSBC.

"In order to prevail in a statutory special action to remove a lis pendens, the plaintiff must establish that the defendant (1) has caused to be recorded a document, (2) in which he claims an interest in, or a lien or encumbrance against, real property, (3) which is forged, groundless, contains a material misstatement or false claim or is otherwise invalid." Evergreen West, Inc. v. Boyd, 167 Ariz. 614, 619, 810 P.2d 612, 617 (App. 1991).

Under well-settled Arizona law, Defendant's Lis Pendens is invalid for three separate and independent reasons:

(1) The Lis Pendens is invalid because Defendant has not filed a complaint, counterclaim, or other affirmative pleading against Plaintiff as required by A.R.S. § 12-1191(A);

(2) The Lis Pendens is invalid because none of Defendant's claims are claims affecting title to the Property as required by A.R.S. § 33-420; and

(3) The Lis Pendens is invalid because even if Defendant has a claim affecting title, her claim has no arguable basis or is not supported by any credible evidence.

Accordingly, under the substantive law of Arizona, Defendant must appear on an expedited basis and show cause as to why the Lis Pendens should not be declared null and void.

## II. FACTUAL BACKGROUND

### A. Defendant Obtains a Loan, then Defaults.

On or about February 14, 2007, TBI Mortgage Company ("TBI") loaned Defendant $605,300.00 for the purchase of real property located at 22502 North 37th Run in Phoenix, Arizona (the "Property"). In exchange for the loan, Defendant executed a promissory note in favor of TBI for $605,300.00 (the "Note") and a deed of trust encumbering the Property (the "Deed of Trust").[2] An authentic and complete copy of the Note is attached hereto as Exhibit "A". An authentic and complete copy of the Deed of Trust is attached to the Complaint in this matter as Exhibit "B" and is hereby incorporated by reference.

In executing the Note and the Deed of Trust, Defendant unequivocally gave permission for TBI, its nominee, or any subsequent holders to transfer some or all of the holder's rights under the Note and Deed of Trust at any time and without prior notice to Defendant. TBI assigned servicing rights in the Note to IndyMac Bank, F.S.B. ("IndyMac"), on or about February 14, 2007. Defendant was notified that her payments must be sent directly to IndyMac. Despite said notification, Defendant failed to make necessary payments to IndyMac under the Note, and Defendant defaulted on the Note. After she defaulted, Defendant recorded the lis pendens that gives rise to this action.

Plaintiff brings this action as the owner of the Property whose title is clouded by Defendant's Lis Pendens. The initial beneficiary of the Deed of Trust, Mortgage Electronic Registration Systems, Inc. ("MERS") assigned the Deed of Trust to IndyMac[3], who in turn assigned the Deed of Trust to Plaintiff.[4]

---

[2] The Deed of Trust was executed February 14, 2007 and was recorded February 15, 2007 in the official records of the Maricopa County Recorder at No. 20070190509.

[3] On or about February 23, 2009, MERS assigned the Deed of Trust to IndyMac. This assignment was recorded on May 8, 2009 in the official records of the Maricopa County Recorder at No. 20090414852.

[4] On or about September 2, 2009, IndyMac Federal Bank, FSB assigned the Deed of Trust to Plaintiff. This assignment was recorded on May 11, 2010 in the official records of the Maricopa County Recorder at No. 20100400564.

QB\136701.00022\10675204.1

### B. Defendant Attempts to Obstruct Her Creditors.

On February 10, 2009, and pursuant to the Deed of Trust, a trustee's sale of the Property was initiated.[5] Defendant then filed a series of lawsuits in an attempt to obstruct her creditors. She filed a complaint in United States District Court, District of Arizona, No. 02:09-CV-01587-JAT on July 31, 2009 (the "Federal Court Lawsuit"). Defendant did not name Plaintiff as a party.[6]

Defendant filed another lawsuit, this time in Arizona Superior Court in Maricopa County, No. CV2010-013179 on April 28, 2010 (the "State Court lawsuit"). Defendant did not name Plaintiff as a party.

### C. Defendant Files a Groundless Lis Pendens.

After filing the Federal Court Lawsuit, Defendant recorded the Lis Pendens in the official records of the Maricopa County Recorder on August 12, 2009 at No. 20090749253. An authentic and complete copy of the Lis Pendens is attached to the Complaint in this matter as Exhibit "D" and is hereby incorporated by reference.

Therein, Defendant purports to give notice of her Federal Court Lawsuit and claims that she is entitled to rescission of any Deeds of Trust that she granted related to the Property. But in doing so, Defendant does not claim an interest in the Property.

Further, the Lis Pendens does not claim Defendant has a lien or encumbrance against the Property. Defendant knew or should have known that the Lis Pendens contained a material misstatement or a false claim. The Lis Pendens claimed that any "security interest is void and of no legal effect" related to the Property. However, Defendant had no legal authority to support this statement. The Note and the Deed of Trust had not been terminated or voided by the parties or by any court. In addition, the

---

[5] A notice of trustee's sale was recorded in the official records of the Maricopa County Recorder on February 10, 2009 at No. 20090112567 (the "Notice of Trustee's Sale").

[6] Defendant also filed a petition in United States Bankruptcy Court, District of Arizona, on June 13, 2009 (the "Bankruptcy Court Case"). However, Defendant later moved to dismiss the Bankruptcy Court Case, and the court entered an order dismissing the Bankruptcy Court Case on March 25, 2010.

QB\136701.00022\10675204.1

Lis Pendens said that "defendants have negated and waived all security interest in the property," but, in fact, her creditors were trying to collect the indebtedness that Defendant owed and had given her notice that they intended to conduct a trustee's sale.

### D.  A Trustee's Sale Occurs.

A trustee's sale pursuant to the Deed of Trust was held on April 21, 2010 (the "Trustee's Sale"). Plaintiff was the successful bidder (by credit bid) at the Trustee's Sale, and title to the Property was conveyed by Trustee's Deed Upon Sale (the "Trustee's Deed") to Plaintiff on April 21, 2010. The Trustee's Deed was recorded May 11, 2010 in the official records of the Maricopa County Recorder at No. 20100400565. An authentic and complete copy of the Trustee's Deed is attached to the Complaint in this matter as Exhibit "C" and is hereby incorporated by reference.

## III.  DEFENDANT'S LIS PENDENS IS PER SE INVALID

### A.  Defendant's Lis Pendens is Not Based Upon Any Claim Against Plaintiff.

A lis pendens is not valid unless a person files a complaint or other claim for "affirmative relief" against the owner of the property before she records a lis pendens. A.R.S. § 12-1191(A), A.R.S. §§33-420. If she discovers a change in ownership after the lis pendens is filed, the person who filed the lis pendens should amend her complaint to include the new owner. See Coventry Homes, Inc. v. Scottscom Partnership, 155 Ariz. 215, 216, 745 P.2d 962, 963 (App. 1987).

Defendant's Lis Pendens is facially invalid because Defendant has not filed a complaint, counterclaim, or other claim for affirmative relief against the owner, which is Plaintiff. Defendant bases the Lis Pendens upon claims against parties to the Federal Court Lawsuit. HSBC is not a party to the lawsuit, and the Federal Court Lawsuit does not state claims against HSBC. Therefore the Lis Pendens is invalid.

QB\136701.00022\10675204.1

### B. Defendant's Lis Pendens is Not Based Upon a Claim That Affects Title to the Property.

The Lis Pendens is invalid because Defendant's underlying claims in the Federal Court Lawsuit do not affect title to real property as required by A.R.S. § 12-1191. Under Arizona law, a lis pendens may be recorded only in connection with "an action affecting title to real property." A.R.S. § 12-1191; Evergreen W., Inc. v. Boyd, 167 Ariz. 614, 619, 810 P.2d 612, 617 (App. 1991) (recognizing that a lis pendens is proper only when "the underlying action is one affecting title to property.") Disputes about real property do not justify a lis pendens unless a claim to title is involved; a lis pendens "is not a license to litigants to freeze their opponents' real property." Farris v. Advantage Capital Corp., 217 Ariz. 1, 3, 170 P.2d 250, 252 (2007). Furthermore, a lis pendens cannot be filed "in a simple money judgment action, or in any action where title to property is not actually affected." Richey v. W. Pac. Dev. Corp., 140 Ariz. 597, 601, 684 P.2d 169, 173 (App. 1984). "[W]ere this not the rule, a groundless lis pendens could be filed with impunity … in any action where title to property is not actually affected. Id.; accord Coventry Homes v. Scottscom P'ship, 155 Ariz. 215, 217, 745 P.2d 962, 964 (App. 1987); W. Pinal Family Health Ctr. v. McBryde, 162 Ariz. 546, 549, 785 P.2d 66, 79 (App. 1989) (recognizing that where a party seeking only damages files a lis pendens, it "is not only unnecessary and ineffectual, but may even be improper.")

In this case, Defendant's Federal Court Lawsuit does not state claims "affecting title to real property."[7] This is not the goal of the Federal Court Lawsuit. Instead, Defendant wants to walk away from the Property and her debts. As relief, Defendant seeks $5 million in money damages and a judgment that the "loan transactions that are the

---

[7] For purposes of the Lis Pendens, the State Court Lawsuit's claims are not relevant because they were filed after the Lis Pendens was recorded. A.R.S. § 12-1191(A) requires that a claim affecting title be filed before a lis pendens can be valid.

QB\136701.00022\10675204.1

subject of this action are illegal and are deemed void." (See Compl. p. 32). Against the named defendants in the Federal Court Lawsuit, she alleges the following:

a. fraud;
b. civil conspiracy;
c. civil conspiracy to defraud;
d. unfair and deceptive trade practices;
e. aiding and abetting fraud;
f. fraudulent misrepresentation;
g. unjust enrichment;
h. violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; and
i. violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2602 et seq.

(See Compl. ¶¶ 38-110). Nowhere in her 33-page complaint does she seek a remedy that involves title, or even a remedy involving the Property. Instead, she only requests money damages.

The Lis Pendens faces another defect that is equally serious: None of Defendant's nine causes of action permits Defendant to obtain relief in the form of title to the Property. The claims pleaded only afford relief by monetary damages or rescission. See, e.g., Gonzalez v. Gonzalez, 181 Ariz. 32, 35, 887 P.2d 562, 565 (App. 1994) (remedies for fraud include money damages); Grand v. Nacchio, 214 Ariz. 9, 27, 147 P.3d 763, 781 (App. 2004) (equitable remedies for common law fraud include rescission); 12 U.S.C. § 2605(f)(1) (authorizing money damages for violation of RESPA); 15 U.S.C. § 1692k (authorizing money damages for violation of the Fair Debt Collection Practices Act). An action seeking monetary relief does not "affect title to real property." See, e.g., W. Pinal Family Health Ctr. v. McBryde, 162 Ariz. 546, 549, 785 P.2d 66, 79 (App. 1989).

Under Arizona common law, even when rescission is appropriate, rescission takes the form of rescissory damages when a buyer has sold property to a third party so that rescission is impossible or infeasible. Grand, 214 Ariz. at 27, 147 P.3d at 781 ("Rescissory damages are intended to be the financial equivalent of the traditional rescission remedy, and such damages are available when tender is 'impossible or infeasible'.") In this case, a trustee's sale transferred title to the Property to Plaintiff, so were rescission to be awarded, that remedy only would be available in the form of rescissory damages.

Instead of affecting title, Defendant seeks the opposite. She wants to sever any connection to the Property by rescinding contracts related to it. By doing so, Defendant's action for damages or rescission cannot be an action "affecting title to real property."

### C. The Lis Pendens is invalid because the underlying action "has no arguable basis or is not supported by any credible evidence."

Even if Defendant's claim affects title, the complaint gives no basis and no evidence to support that claim, so the Lis Pendens is meritless and invalid. A lis pendens is presumed invalid unless "authorized by statute, judgment or other specific legal authority." A.R.S. § 33-420(D). ("A document purporting to create an interest in, or a lien or encumbrance against, real property not authorized by statute, judgment or other specific legal authority is presumed to be groundless and invalid.") In this case, Wynn does not have a statute, judgment or "other specific legal authority" that permitted her to file the Lis Pendens. So even if it affects title, the Lis Pendens is presumed invalid.

And since it is presumed invalid, the Lis Pendens will be removed when "the underlying action is one affecting title to real property [that] has no arguable basis or is not supported by any credible evidence." Evergreen W., Inc. v. Boyd, 167 Ariz. 614, 621, 810 P.2d 612, 619 (App. 1991). Because Defendant has no basis or evidence for filing the Lis Pendens, it must be dismissed.

The Federal Court Lawsuit makes three contentions: that Defendant was the victim of misrepresentations (though not by HSBC), that she did not receive required disclosures (though HSBC was not involved), and that if she had received more information, she would not have entered into the loan (though HSBC was not involved). These contentions might offer a basis for or evidence of claims in contract and tort, but they do not offer evidence or a basis for a claim that Defendant has a right affecting title. As such, Defendant's claims and her allegations fail to justify the Lis Pendens, and the Lis Pendens is invalid and should be removed.

A second and independent basis exists for dismissing the Lis Pendens: Because it contains a material misstatement or false claim, the Lis Pendens must be removed. A.R.S. § 33-420(A)-(B). The Lis Pendens states that any (1) "security interest [in the Property] is void and of no legal effect" and (2) "defendants have negated and waived all security interest in the property." Both of these statements are material misstatements, and both make false claims.

As a matter of law, Defendant cannot claim that Plaintiff's security interest in the Property "is void" or has been "waived" because these issues have not been adjudicated, the parties have not agreed to terminate or revoke the security interest, and Defendant can produce no statute, judgment or other legal authority that justifies such conclusions. As a matter of fact, these contentions are also incorrect. Six months before she recorded the Lis Pendens, Defendant received notice of a trustee's sale. Defendant also had been asked to cure her default on the Note. So Defendant knew or should have known that, rather than waiving their rights, her creditors were actively exercising their rights. Therefore Defendant made a material misstatement and a false claim, so the Lis Pendens must be removed.

### IV.     HSBC IS ENTITLED TO AN EXPEDITED HEARING ON ITS APPLICATION

Under A.R.S. § 33-420(B), HSBC is entitled to a Court order removing Defendant's invalid Lis Pendens.  By Arizona statute, HSBC may use Arizona's special action procedures to remove Defendant's wrongfully recorded documents.  Indeed, Arizona's expedited special action procedure is incorporated into a party's substantive right to seek removal of an invalid lis pendens under A.R.S. § 33-420(B):

> The owner or beneficial title holder of the real property [subject to a lis pendens] may bring an action pursuant to this section in the superior court in the county in which the real property is located for such relief as is required to immediately clear title to the real property *as provided for in the rules of procedure for special actions.*  This special action may be brought based on the ground that the lien is . . . groundless . . . or is otherwise invalid. . . . [T]he owner or beneficial title holder may recover reasonable attorney fees and costs of the action if he prevails.

A.R.S. § 33-420(B) (emphasis added); see also Farris v. Advantage Capital Corp., 217 Ariz. 1, 3, 170 P.2d 250, 252 (2007) (indicating that federal courts would apply the expedited process of A.R.S. § 33-420, along with its substantive law).

Pursuant to A.R.S. § 33-420(B) and Arizona Rule of Special Action Procedure 4(c), HSBC is entitled to a "speedy return date," ordering Defendant to appear and show cause.  See Evergreen W., Inc., 167 Ariz. at 619, 810 P.2d at 617 (recognizing that A.R.S. § 33-420 provides an "expeditious procedure for removing a lis pendens").

### V.     HSBC IS ENTITLED TO TREBLE DAMAGES AND ITS ATTORNEYS' FEES AND COSTS INCURRED IN REMOVING DEFENDANT'S INVALID RELEASE AND LIS PENDENS

Under A.R.S. § 33-420(A), one who knowingly files an invalid or groundless lis pendens "is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action." See also id. § 33-420(B) (stating that the owner or beneficial title holder may recover their

"reasonable attorney fees and costs" incurred in filing an action to remove an invalid or groundless lis pendens). As established above, Defendant knowingly filed an invalid and groundless Lis Pendens against the Property, thereby forcing HSBC to initiate this action to remove the cloud upon the title to the Property. By statute, HSBC is entitled to treble its actual damages and an award of its attorneys' fees and costs incurred in removing Defendant's invalid Lis Pendens.

## VI. CONCLUSION

For the foregoing reasons, HSBC respectfully requests that this Court order Defendant to appear and show cause as to why the Lis Pendens recorded against the Property is not null and void. Pursuant to A.R.S. §§ 33-420(A)-(B), HSBC also requests an award of treble its actual damages (in an amount not less than the statutory rate of $5,000) and its attorneys' fees and costs incurred in initiating this action to remove and invalidate Defendant's Lis Pendens.

RESPECTFULLY SUBMITTED this 10th day of January, 2011.

>
> QUARLES & BRADY LLP
> One Renaissance Square
> Two North Central Avenue
> Phoenix, Arizona  85004-2391
>
>
> By  *s/* Scott S. Simonson
>     John Maston O'Neal
>     Scott S. Simonson
>
> *Attorneys for Plaintiff HSBC Bank USA, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel identified on the Court-Generated Notice of Electronic Filing:

Donald O. Loeb
Campana Vieh & Loeb PLC
4422 North Civic Center Plaza, Suite 101
Scottsdale, Arizona 85251-3523
*Attorneys for Deborah J. Wynn*

Wilfredo Pesante
The Pesante Firm LLP
1328 H Street NE
Washington, DC 20002
*Attorneys for Deborah J. Wynn*

Barbara K. Berrett
Berrett & Associates LC
2355 East Camelback Road, Suite 618
Phoenix, Arizona 85016
*Attorneys for Callan Appraisal Incorporated
and John Callan*

By: */s/ Donna Marie Reid*